lmv

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 0 8 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ALBERTO LOZA GRACIA | * | |
| VS | * | C.A. NO. B96 101 |
| UNITED STATES OF AMERICA | * | (CR. No. B92 257 S1) |

ALBERTO LOZA GRACIA, Pro Se

United States Attorney (Kathlyn G. Snyder, Assistant U.S. Attorney)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. The Honorable Filemon B. Vela, District Judge, having jurisdiction over the above-styled and numbered proceeding, has directed this Court to consider the matter and file a report and recommendation herein.

This Court has read the parties' pleadings, considered the issues raised in light of the record and the applicable law, and is of the opinion that Petitioner's Motion should be denied. In

2

support of the aforementioned conclusion, this Court files the following findings of fact and conclusions of law.

### Findings of Fact

1. Petitioner was charged by a superseding indictment filed on December 15, 1992, in the United States District Court for the Southern District of Texas, Brownsville Division, with conspiring to possess with intent to distribute in excess of 50 kilograms of marihuana (count 1), with possessing approximately 87.2 kilograms of marihuana with intent to distribute (count 2) and with carrying and using a firearm in relation to a drug trafficking offense (count 3), in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(c) and 18 U.S.C. §§ 2 and 924(c).

2. He plead guilty to the first two charges and a jury convicted him of the firearms charge. He was sentenced to 51 months confinement on counts one and two followed by a consecutive term of five years on count three. He was also sentenced to a three-year term of supervised release and ordered to pay a special assessment in the

amount of $150. Petitioner did not appeal his conviction or sentence and his conviction became final on May 22, 1993.

3. Over 3 years after his conviction became final, Petitioner filed the present action challenging his conviction for using and carrying a firearm, in violation of 18 U.S.C. §§ 2 and 924(c). In support of his claims, Petitioner asserts that:

a. The weapon recovered was registered to another person;

b. The house where the weapon was found belonged to another person;

c. His fingerprints were not on the weapon; and

d. The owner of the gun signed an affidavit admitting ownership of said gun.

## Conclusion of Law

1. Given that Petitioner did not challenge the sufficiency of the evidence to support his conviction on direct appeal, he must demonstrate both cause and prejudice for his procedural default. See <u>United States v. Pierce</u>, 959 F.2d 1297 (5th Cir.1992), <u>cert. denied</u> 506 U.S. 1007,

ClibPDF - www.fastio.com

113 S.Ct. 621 (1992). Liberally read, Petitioner's contention is that his attorney erroneously believed that an appeal would be futile. However, attorney error short of ineffective assistance of counsel, does not constitute cause and will not excuse a procedural default. Once the petitioner has established cause, he must show "actual prejudice resulting from the errors of which he complains. <u>McCleskey v. Zant</u>, 499 U.S. 467, 111 S.Ct. 1454, 1470 (1991).

2. To establish prejudice for purposes of § 2255 review, a petitioner must show pervasive actual prejudice that denied him fundamental fairness at trial. <u>See</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648 (1986). Petitioner's assertion that his attorney advised him not to appeal because he would lose an appeal does not constitute facts that would support a finding of ineffective assistance of counsel and thus is insufficient to demonstrate cause.

3. To establish plain error on direct appeal with regard to challenges to the sufficiency of the evidence to support a conviction, a defendant must show that the record is devoid of evidence pointing to guilt. <u>United States v.</u>

Inocencio, 40 F.3d 716, 724 and n.12 (5th Cir. 1994). Petitioner's challenges to the sufficiency of the evidence fall far short of even that standard.

4. Ownership of the weapon is irrelevant to whether or not Petitioner used or carried it in relation to a drug trafficking offense. Cf. United States v. Menesses, 962 F.2d 420, 428 (5th Cir. 1992) (where issue is whether defendant possessed the weapon during drug trafficking offense, issue is access not ownership).

5. Moreover, the failure to detect fingerprints on the weapons is not determinative of whether Petitioner used the weapon as described by the informant. It is not necessary that a crime be proved by the most convenient or persuasive evidence. United States v. Alvarado, 898 F.2d 987, 992 (5th Cir. 1990).

6. To establish a violation of 18 U.S.C. § 924(c) for using a weapon during and in relation to a drug trafficking offense, the government must present "'evidence sufficient to show active employment by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense.'" United States v. Johnson, 87 F.3d 133, 137 (5th Cir. 1996) (quoting

<u>Bailey v. United States</u>, 516 U.S. 137, 142 116 S.Ct. 501, 505 (1995). However, the Supreme Court's decision in <u>Bailey</u> did not reach the scope of the term "carry" for purposes of application of § 924(c), although it recognized that the "carry" prong of § 924(c)(1) "brings some offenders who would not satisfy the 'use' prong within the reach of the statute." <u>Bailey</u>, 516 U.S. at 149, 116 S.Ct. at 509. Petitioner was charged as an aider and abettor under 18 U.S.C. § 2, which requires proof that he associated with the criminal venture, participated in the venture and sought by action to make it succeed. <u>United States v. Salazar</u>, 66 F.3d 723, 729 (5th Cir. 1995).

7. An informant testified that, during the commission of the offense, Petitioner received the weapon from a co-conspirator and placed it in his waistband. Petitioner denies handling the weapon but admitted that he gestured to the co-conspirator indicating that he could hide the weapon in his waistband. Petitioner has failed to satisfy either prong of the stringent <u>Strickland</u> test and, therefore, his Motion should be denied.

7

Because of the foregoing, this Court respectfully recommends that Respondent's Motion for Summary Judgment be **granted** and Petitioner's Motion to Vacate, Set Aside or Correct Sentence be **denied**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 8TH day of February, 1999.

_____
John Wm. Black
United States Magistrate Judge

ClibPDF - www.fastio.com